DANIEL GYORFY, PLAINTIFF, v. LOUIS LEVY, DEFENDANT.

Submitted March 8, 1923—Decided March 17, 1923.

**Damages—New Trial Limited to the Amount of—Application of Supreme Court Rule 132, also 130—Limitation of Powers of Justices.**

On application for a general rule to show cause.

Before Justices KALISCH, BLACK and KATZENBACH.

For the defendant, *Freeman Woodbridge.*

For the plaintiff, *Jacob S. Karkus.*

PER CURIAM.

On February 20th, 1923, a jury at the Middlesex Circuit returned a verdict for the plaintiff in this case for $5,029.50. The attorney for the defendant applied to the circuit judge for a rule to show cause. The application was granted but the rule was limited to the question of damages. The rule, as granted, contained the following statement: "The verdict on the question of liability being approved by me, the rule thereon is refused." The attorney of the defendant now moves to en-

large the rule so as to remove the limitation therein, apparently barring the consideration of the weight of the testimony upon the question of liability when the case is presented to this court. In other words, the defendant's attorney desires what is known as a general rule. He bases in part his contention upon a recent *per curiam* opinion of this court, filed February 26th, 1923, in the case of Moorey *v.* Black, in which this court said: "The rule allowed in this case by the trial judge requires the defendant to show cause why the verdict should not be set aside as to the amount of damages awarded, and a new trial granted, limited to the question of damages only.

"The learned trial judge was probably influenced by the language of rule 132. Rule 132 applies only to cases when a new trial is ordered because the damages are excessive or inadequate; it does not apply to the mere allowance of the rule as in this case. The trial judge, even a justice of the Supreme Court, sitting at *nisi prius,* does not assume to limit the action of the court in dealing with the rule. Our power cannot thus be limited by any inferior tribunal. Whether it is wise or not, in case the rule is made absolute, to limit the power of this court to this single phase of the verdict is not important. It is enough to say that the legislature has not conferred the power upon any single judge unless in the infrequent cases where he sits for the court."

We do not think the court by this language meant, as the defendant's attorney in this case insists, that the circuit judge to whom the case was referred for trial did not have the power to limit the rule, but that this court was not necessarily limited in its power in dealing with the rule by the action of the circuit judge. The circuit judge has the same powers in a case referred to him for trial as a Supreme Court justice. In the schedule annexed to "the Practice act of 1912" (*Pamph. L., p.* 377) it is stated (rule 83) that: "A rule to show cause why a new trial should not be granted may, in the discretion of the court, be special, and then the question shall be heard and decided on the grounds upon which the rule was allowed." This has been embodied in Supreme Court rule 130, which

reads: "A rule to show cause why a new trial should not be granted may, in the discretion of the court, be special, and then the question shall be heard and decided on the grounds upon which the rule was allowed." This rule, we think, gave to the circuit judge the power to make the rule to show cause special. This would not necessarily deprive this court, however, of its power to broaden the rule, if it desired to do so, either upon application or when the case was presented to the court for final disposition under the rule.

The action in the present case grew out of a collision between the milk wagon of the plaintiff and the defendant's automobile. They were traveling in opposite directions on the same highway. The plaintiff turned to the left to enter a lane. The defendant's car struck the rear of plaintiff's wagon, throwing the plaintiff therefrom and injuring him. The plaintiff insisted that the accident was the result of the defendant's negligent operation of his car. The defendant contended that the accident was caused by the plaintiff's turning his vehicle so suddenly and without warning across the path of the defendant's car that it was impossible for him to avoid the accident. It is a fact case. The defendant had in his car, including himself, six persons, of whom five testified to the defendant's version of the accident. The plaintiff's version depended upon his own testimony. From a reading of the testimony we do not think the case presents such unusual features on the question of the defendant's liability or the weight of the evidence in this regard that we are at this time justified in enlarging the rule. The mere number of witnesses testifying upon one side of a case is no guide for the determination of the weight of the evidence. *O'Brien* v. *State,* 63 *N. J. L.* 49. The credibility of the witnesses is for the determination of the jury. *Clark* v. *Public Service Electric Co.,* 86 *Id.* 144.

The motion to enlarge the rule will be denied, with costs.